UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>   Plaintiff,<br><br> v.<br><br>GUNDOGDU, INC.,<br><br>   Defendant. | Case No. 21-cv-03132-JSC<br><br>**ORDER RE: MOTION TO DISMISS**<br><br>Re: Dkt. No. 24 |

Brian Whitaker brings this lawsuit under the Americans with Disabilities Act ("ADA") and the California Unruh Civil Rights Act ("Unruh Act"), alleging that he encountered barriers during a visit to Gundogdu, Inc.'s establishment, Van Ness Café & Gyros. Now before the Court is Defendant's motion to dismiss the ADA and Unruh Act claims for lack of subject matter jurisdiction.[1] (Dkt. No. 24.[2]) After carefully considering the parties' briefs and the relevant legal authority, the Court GRANTS the motion to dismiss. As Plaintiff's ADA claim is moot it must be dismissed. In light of that dismissal, the Court declines to exercise supplemental jurisdiction of the Unruh Act claim.

**BACKGROUND**

As alleged in the complaint, Plaintiff is a C-4 quadriplegic who uses a wheelchair for mobility. (Complaint ¶ 1.) Defendant is the owner of Van Ness Café & Gyros in San Francisco, California. (*Id.* ¶ 2.) Plaintiff visited the restaurant in April 2021 to avail himself of its goods and

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 7, 10.)
[2] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

services but encountered unlawful barriers. (*Id. ¶* 8.) Specifically, the establishment lacked wheelchair accessible outside dining surfaces in conformance with ADA standards. (*Id.* ¶ 12.)

Plaintiff served Defendant with the summons and complaint on May 11, 2021. (Dkt. No. 12.) On May 26, 2021, Defendant retained a Certified Access Specialist ("CASp"), Mike Miyaki, who inspected the Restaurant on June 4, 2021. (Dkt. No. 24-2 ¶¶ 6, 8.) Mr. Miyaki prepared a CASp report, which concluded that the Restaurant had sufficient indoor and outdoor accessible dining surfaces. (Dkt. No. 24-4 at 4-7.) On September 10, 2021, both parties participated in a joint site inspection where Plaintiff's accessibility consultant and Mr. Miyaki found no existing access barriers at the Restaurant. (Dkt. No. 24-2 at ¶ 14.) After no barriers were found, Defendant requested that Plaintiff dismiss the ADA claim, but Plaintiff declined. (Dkt. No. 24-6.) Subsequently, Defendant filed the now pending motion to dismiss for lack of subject matter jurisdiction. (Dkt. No. 24.) Because Defendant's reply brief included additional evidence, the Court granted Plaintiff leave to file a response to this supplemental evidence. (Dkt. Nos. 30.) Plaintiff filed a response on December 14, 2021. (Dkt. No. 31.)

**LEGAL STANDARD**

If a federal "court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The Federal Rules of Civil Procedure also allow a defendant to raise the lack of subject matter jurisdiction by motion. Fed. R. Civ. P. 12(b)(1). A challenge to subject matter jurisdiction may be facial or factual. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where the attack is facial, the court determines whether the allegations contained in the complaint are sufficient on their face to invoke federal jurisdiction, accepting all material allegations in the complaint as true and construing them in favor of the party asserting jurisdiction. *See id.* at 1039. Where the attack is factual, however, "[t]he court need not presume the truthfulness of the plaintiff's allegations," and may review extrinsic evidence beyond the complaint without converting a motion to dismiss into one for summary judgment. *Id.* Once the moving party has made a factual challenge by offering affidavits or other evidence to dispute the allegations in the complaint, the party opposing the motion must "furnish affidavits or other evidence necessary to satisfy its burden of establishing

subject matter jurisdiction*." Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

**DISCUSSION**

Defendant moves pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss Plaintiff's complaint on the grounds that Plaintiff's ADA claim is moot and that the Court should not exercise jurisdiction of the Unruh Act claim. "A federal court lacks jurisdiction to hear a case that is moot." *Bishop Paiute Tribe*., 863 F.3d 1144, 1155 (9th Cir. 2017). "A case is moot where no actual or live controversy exists." *Id*. (internal citation and quotation marks omitted). If it is no longer possible that the plaintiff can obtain relief for his claim, the claim is moot and must be dismissed for lack of jurisdiction. *Id.* "Mootness has been described as standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Id*. (cleaned up). Because mootness pertains to a federal court's subject-matter jurisdiction under Article III, it is properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

I.  **ADA CLAIM**

Under the ADA, a plaintiff may seek only injunctive relief and attorney's fees. *See* 42 U.S.C. §§ 12188(a)(2), 12205. "Because a private plaintiff can sue only for injunctive relief (i.e., for removal of the barrier) under the ADA, a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011). The voluntary removal of the barriers only moots the ADA claim, however, where there is no "sufficient likelihood that [the plaintiff] will again be wronged in a similar way." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). "That is, [the plaintiff] must establish a 'real and immediate threat of repeated injury.'" *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974)). "Of course, '[a] defendant claiming that its voluntary compliance moots a case bears a formidable burden.'" *Johnson v. Case Ventures, LLC*, No. 5:19-CV-02876-EJD, 2020 WL 4747908, at *2 (N.D. Cal. Aug. 17, 2020) (quoting *Friends of the Earth, Inc. v. Laidlaw*

3

*Environmental Servs.*, 528 U.S. 167, 170 (2000)).

As a preliminary matter, the Court observes, as Plaintiff emphasizes, that Defendant's mootness argument is intertwined with the merits. In these circumstances, the Court must apply the Rule 56 summary judgment standard to Defendant's 12(b)(1) motion; that is, all reasonable inferences from the evidence must be drawn in Plaintiff's favor and the Court may not resolve disputes of fact. *See Rosales v. United States*, 824 F.2d 799, 803 (9th Cir. 1987) ("[I]f the jurisdictional issue and substantive claims are so intertwined that resolution of the jurisdictional question is dependent on factual issues going to the merits, the district court should employ the standard applicable to a motion for summary judgment and grant the motion to dismiss for lack of jurisdiction only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."); *see also Whitaker v. John's of Willow Glen Inc.*, No. 21-CV-04850-RS, 2021 WL 4990239, at *2 (N.D. Cal. Oct. 27, 2021) (applying summary judgment standard to 12(b)(1) motion to dismiss in an ADA action because jurisdictional argument was intertwined with the merits). Applying the summary judgment standard, Defendant has established that Plaintiff's ADA claim is moot.

First, Defendant has met its burden of showing that there is no genuine dispute that there is no longer any barrier to access at Defendant's establishment. The parties' accessibility consultants performed a joint site inspection and certified that the accessibility barriers Plaintiff alleged in the complaint were remedied. (Dkt. No. 24-2 ¶ 14.) Neither consultant "identif[ied] any existing barriers to access at the [p]remises." (*Id.*) Plaintiff's counsel subsequently confirmed via email that "[w]e have completed the Joint Site Inspection and everything looks good." (Dkt. No. 24-6 at 2.) Plaintiff has not identified any evidence that supports an inference that any access barriers remain. *See Johnson v. DiVittorio*, No. 21-CV-02026-SVK, 2021 WL 4749414, at *2 (N.D. Cal. Oct. 12, 2021) (finding that the declaration by a licensed access specialist stating that the premise was ADA compliant was sufficient to show that the alleged barriers were removed).

Second, Defendant has met its burden of showing that the access barriers are not reasonably likely to reoccur; that is, a "real and immediate threat of repeated injury." *Fortyune*, 364 F.3d at 1081 (internal citation and quotation marks omitted). "Courts have held that where

4

structural modifications are made, then it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to occur in the future since structural modification[s] undo the offending conduct." *Zaldivar v. City of San Diego*, No. 15-CV-67-GPC, 2016 WL 5118534, at *10 (S.D. Cal. Sept. 21, 2016). "When considering non-structural features, on the other hand, courts have found that 'voluntary remediation of' these violations do 'not moot an issue' because the violations 'could easily reoccur.'" *Moore v. Saniefar*, No. 1:14-CV-01067-SKO, 2017 WL 1179407, at *6 (E.D. Cal. Mar. 29, 2017) (quoting *Zaldivar*, 2016 WL 5118534, at *10). Even with non-structural barriers, however, if the evidence is undisputed that the ADA violations could not reasonably be expected to recur, the ADA claim will still be moot. *See, e.g, DiVittorio*, 2021 WL 4749414, at *3 ("In this case, the evidence of Defendants' remediations shows that the ADA violations are not reasonably likely to recur" such that "the voluntary cessation doctrine does not apply to avoid the Court's determination that Plaintiff's ADA claim is moot."); *Johnson v. Opa Campbell LP*, No. 21-CV-01619-PJH, 2021 WL 3493712, at *4 (N.D. Cal. Aug. 9, 2021) ("based on the evidence of defendants' remediations, the ADA violations are not reasonably likely to recur. Defendants took affirmative steps to become compliant and prevent future violations"); *Johnson v. 1082 El Camino Real, L.P*, No. 5:17-CV-01391-EJD, 2018 WL 1091267, at *2 (N.D. Cal. Feb. 28, 2018) (dismissing the ADA claim as moot where "the undisputed evidence shows that Defendants have corrected the sole alleged access barrier alleged in the complaint.").

      Here, drawing all inferences in Plaintiff's favor, Defendant's remediation was not structural and the now accessible tables "can be moved—or removed—in an instant." (Dkt. No. 26 at 9.) Nonetheless, based on the record before the Court, there is no genuine dispute that that the alleged violation is not likely to recur and thus that injunctive relief is inappropriate. Defendant retained a disability access consultant within three seeks of service of the summons and complaint. (Dkt. No. 24-2 at ¶ 6.) When the consultant inspected the premises just over a week later to evaluate the barriers alleged in the Complaint, he concluded that the premises provided an outdoor accessible table in compliance with the 2010 ADA Standards for Accessible Design and the 2010 California Building Code. (*Id.* at ¶¶ 8-10.) At the parties' subsequent joint site inspection, Plaintiff's consultant confirmed that there were no existing barriers to access at the

United States District Court
Northern District of California

1   Premises. (*Id*. at ¶ 14.)

2         Defendant's reply brief included a declaration from one of Defendant's officers, Baris
3   Halifeoglu, who attests that Defendant has a history of providing accessible indoor dining and was
4   not aware that they "were required to also have an accessible table outside." (Dkt. No. 29-1 ¶¶ 3,
5   5.) According to Mr. Halifeoglu, it was "not until the onset of the COVID pandemic that we
6   began to offer outdoor seating at the Restaurant," and they did not understand that they were
7   required to have an accessible table outside in addition to their accessible table inside. (*Id*. at ¶¶
8   4-5.) However, once they were served with the lawsuit, they "installed an outdoor table that was
9   accessible and had legs, as opposed to a pedestal base" within a few days. (*Id*. ¶ 6.) Further,
10  Defendant "intend[s] to keep this outdoor accessible table at the Restaurant as long as we operate
11  the Restaurant or as long as we are allowed to offer outdoor tables on the sidewalk." (*Id*.) In
12  response, Plaintiff argues that there is a "cloudy history of when Defendant first began offering
13  outdoor dining and [an] admitted delay in complying with the ADA," but this these arguments are
14  belied by Defendant's evidence. (*Compare* Dkt. No. 31 at 4 *with* Dkt. No. 29-1 at ¶ 5 ("[a]fter the
15  onset of the pandemic…we quickly installed outdoor tables"; Dkt. No. 24-2 at ¶ 8 (attesting that
16  Defendant had accessible outdoor seating by June 4, 2021—less than a month after service of the
17  summons and complaint).

18        Given Defendant's prompt remediation of the access barrier, attestation that it intends to
19  maintain the outdoor accessible table as long as the restaurant is able to do so, its long-standing
20  commitment to providing accessible indoor dining, and Plaintiff's failure to offer any contrary
21  evidence, "any conclusion that defendants would take action to remove the table or otherwise
22  cause their dining surfaces to fall into ADA noncompliance would be pure speculation."
23  *DiVittorio*, 2021 WL 4749414, at *3; *see also Opa Campbell LP*, 2021 WL 3493712, at *3
24  (finding it was unlikely that the violation would recur because defendant promptly hired a CASp,
25  installed accessible outdoor surfaces, and defendant's briefing indicated he never intended to
26  discriminate against people with disabilities); *Johnson v. Mo's TBJ Campbell LP*, No. 5:21-CV-
27  01621-EJD, 2021 WL 4846855, at *3 (N.D. Cal. Oct. 18, 2021) (finding that the violations were
28  unlikely to recur because Defendant promptly hired a CASp, quickly provided accessible tables,

1  and there was no evidence of a history of ADA violations).

2  Plaintiff's lament that if he had been given notice of a summary judgment motion, rather than a 12(b)(1) jurisdictional motion, he would have made a Rule 56(d) request for a continuance to conduct discovery is unavailing.  He could have asked the Court to allow for jurisdictional discovery. *See Am. W. Airlines, Inc. v. GPA Grp., Ltd*., 877 F.2d 793, 801 (9th Cir. 1989) (stating that district court has discretion to grant discovery where there is a dispute regarding the court's subject matter jurisdiction).  His opposition, however, does not identify any discovery that could give rise to a genuine dispute of fact.  *See Johnson v. 1082 El Camino Real*, No. 5:17-cv-01391-EJD, 2018 WL 1091267, at *2 (N.D. Cal. Feb. 28, 2018) ("Plaintiff has not submitted any declaration showing a likelihood that controverting evidence exists" and "[t]herefore, the Court is not required to postpone or deny Defendants' motion.").  While "where pertinent facts bearing on the question of jurisdiction are in dispute, discovery should be allowed," Plaintiff has made no showing that such facts are in dispute here. *Am. W. Airlines, Inc*., 877 F.2d at 801 (finding that "the district court did not abuse its discretion in deciding the jurisdictional issue without allowing additional time for discovery" where the plaintiff neither moved to compel discovery nor requested time to conduct such discovery).  Courts thus routinely grant motions to dismiss for lack of subject matter jurisdiction where plaintiffs raise similar arguments but fail to offer a declaration or even any argument regarding what additional evidence they would or could develop if given the opportunity. *See, e.g*., *DiVittorio*, 2021 WL 4749414, at *2 (granting motion to dismiss plaintiff's ADA claim alleging defendant lacked accessible outdoor surfaces when defendant offered sufficient evidence that the barriers were removed and plaintiff did not offer any argument to what further evidence he needed to develop); *Opa Campbell LP*, 2021 WL 3493712, at *3 (same).

## II.     UNRUH ACT CLAIM

Plaintiff's Unruh Act claim remains live even after cure of the alleged barriers "[b]ecause a claim for damages under the Unruh Act looks to past harm*." Arroyo v. Aldabashi*, No. 16-CV-06181-JCS, 2018 WL 4961637, at *5 (N.D. Cal. Oct. 15, 2018).  However, having dismissed the federal ADA claim, the only basis for jurisdiction of the Unruh Act claim is supplemental jurisdiction. 28 U.S.C. § 1367(a); *Exxon Mobil Corp. v. Allapattah Servs., Inc*., 545 U.S. 546, 547

7

1    (2005) ("Section 1367(a) is a broad grant of supplemental jurisdiction over other claims within the

2    same case or controversy, as long as the action is one in which the district courts would have

3    original jurisdiction."). Section 1367(a) "confirms the discretionary nature of supplemental

4    jurisdiction by enumerating the circumstances in which district courts can refuse its exercise." *City*

5    *of Chicago v. Int. Coll. of Surgeons*, 522 U.S. 156, 173 (1997). One such circumstance is when

6    "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. §

7    1387(c).

8          As the federal ADA claim has been dismissed as moot, and there is no basis for

9    jurisdiction over the state law Unruh Act claim other than supplemental jurisdiction, the Court

10   declines to exercise that discretionary jurisdiction and instead dismisses the Unruh Act claim

11   without prejudice. *See Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir.), supplemented,

12   121 F.3d 714 (9th Cir. 1997), as amended (Oct. 1, 1997) ("[S]tate law claims 'should' be

13   dismissed if federal claims are dismissed before trial.") (emphasis omitted).

14         Plaintiff's one-sentence request that the Court instead stay the case pending the Ninth

15   Circuit's consideration of *Arroyo v. Rosas*, Ninth Cir. Case No. 19-55974, is unavailing. (Dkt. No.

16   26 at 1.)  The Ninth Circuit decided the case on December 10, 2021, and the opinion does not

17   suggest that supplemental jurisdiction should be exercised. *Arroyo v. Rosas*, 2021 WL 5858598

18   (9th Cir. Dec. 10, 2021).  In *Arroyo*, the district court had *not* dismissed the federal claim (the

19   ADA claim) over which original jurisdiction was based; thus section 1367(c) was not a basis for

20   declining jurisdiction.  To the contrary, the district court had granted the plaintiff summary

21   judgment on the ADA claim.  Here, the Court has not ruled that Defendant violated the ADA;

22   instead, the Court has ruled only that there is no evidence in the record of any current ADA

23   violation and, *if* there was a violation, the record reflects that it is not likely to recur. These are far

24   from the circumstances in *Arroyo* when all that remained was "the relatively ministerial task of

25   entering judgment on the foreordained Unruh Act claim." *Id.* at * 11.

26         Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's

27   Unruh Act claim.

28

**CONCLUSION**

For the reasons set forth above, the court DISMISSES Plaintiff's ADA claim and DISMISSES his state law claim without prejudice to refiling in state court.

This Order disposes of Docket No. 24.

**IT IS SO ORDERED.**

Dated: December 16, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge